UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ARCH SPECIALTY INSURANCE COMPANY,

      Plaintiff

v.                                    Civil Action No. 2:08-0285

GO-MART, INC.; JOE MEADOWS;
J.T. DAVENPORT & SONS, INC.;
and ROBERT D. RADER,

      Defendants

and

GO-MART, INC.,

      Third-Party Plaintiff,

v.

GAB ROBINS NORTH AMERICA, INC.;
and SOUTHERN GUARANTEE INSURANCE
COMPANY,

      Third-Party Defendants

MEMORANDUM OPINION AND ORDER

      Pending is defendant Joe Meadows's motion, filed June 23, 2008, to dismiss the complaint or, in the alternative, to require the addition of a party.

      Specifically, Meadows moves the court to dismiss the complaint because, according to Meadows, the complaint fails to join an indispensable party under Rules 19 and 12(b)(7) of the

Federal Rules of Civil Procedure.  (Def.'s Mot. 1).  In the
alternative, Meadows moves the court to "require that MacCorkle
Lavender Casey & Sweeney, PLLC be added to this litigation as a
party."  (Id.).

I.

This action for declaratory judgment arose in the wake
of a civil judgment entered on or around October 3, 2007, in
favor of Meadows and against Go-Mart, J.T. Davenport & Sons, Inc.
("Davenport"), and Robert Rader.  Meadows instituted the
underlying action on February 7, 2006.  (Compl. ¶ 12).  Therein,
Meadows asserted negligence claims against Go-Mart, Davenport,
and Rader, after he was injured on Go-Mart property by a truck
driven by a Davenport employee, Rader.  (Id. at ¶¶ 9-10, 12).

On the date of the accident, Go-Mart was insured by
Arch Specialty Insurance Company ("Arch") under policy number GPP
0002662 00 ("the policy").  (Id. at ¶ 14).  Under the terms of
the policy, Arch was obligated to pay any sums in excess of a
self-insured retention that Go-Mart became legally obligated to
pay as damages because of a bodily injury to which the insurance
applied.  (Id. at ¶ 15).  According to Arch, the policy did not

2

impose any duty upon Arch to defend Go-Mart; rather, Go-Mart had the obligation to defend itself. (<u>Id.</u> at ¶ 16). However, the policy gave Arch the rights to (1) assume control of the investigation, defense, or settlement of any claim or suit; (2) associate with Go-Mart in the defense of any claim or suit, and (3) appeal any judgment that may exceed the self-insured retention. (<u>Id.</u> at ¶ 17). Additionally, although the policy did not impose upon Arch a duty to defend, the policy required Go-Mart to provide Arch with timely and sufficient notice of an occurrence, claim, or suit. (<u>Id.</u> at ¶ 18). According to Arch, compliance was a condition precedent to coverage and a failure to comply would void the coverage otherwise provided by the policy unless the breach was waived in writing. (<u>Id.</u> at ¶ 18).

On July 31, 2006, Southern Guarantee Insurance Company ("Southern Guarantee"), which was Davenport's insurer, formally accepted tender of the defense of Go-Mart, subject to a reservation of rights. (<u>Id.</u> at ¶ 13). Southern Guarantee paid for the law firm MacCorkle Lavender & Sweeney, PLLC ("MacCorkle Lavender") to defend Go-Mart, and MacCorkle Lavender received the reservation of rights letter from Southern Guarantee, dated July 31, 2006. (Def.'s Mem. Supp. Mot. 2). The letter advised in pertinent part "[I]f Go-Mart has any other insurance coverage

3

that may apply to this lawsuit, such insurance carrier should be notified immediately to protect the rights under that policy." (<u>Id.</u>).

The underlying action went to trial on October 1, 2007, and resulted in a $3,000,000 verdict against Go-Mart, Davenport, and Rader, which judgment was later reduced to $2,052,848.18, plus an award of interest. (Compl. ¶ 19; Def.'s Mem. Supp. Mot. 2). Go-Mart pursued post-trial motions seeking judgment as a matter of law or a new trial, which motions were denied on or about January 23, 2008. (Compl. ¶ 20).

On February 25, 2008, Southern Guarantee notified Go-Mart by letter that it was terminating its defense of Go-Mart and that it was disclaiming any obligation to indemnify Go-Mart. (<u>Id.</u> at ¶ 21). On March 6, 2008, Arch was notified for the first time by MacCorkle Lavender of the existence of the underlying action. (<u>Id.</u> at ¶ 22). Arch alleges that it promptly acknowledged receipt of the claim and proceeded under a reservation of rights to conduct an investigation. (<u>Id.</u> at ¶ 23). Arch notified Go-Mart on or about April 9, 2008, of the authorization to proceed with whatever steps were necessary to perfect an appeal of the judgment entered in the underlying action, again subject to a reservation of rights. (<u>Id.</u> at ¶ 24).

4

On or about April 29, 2008, Arch issued a supplemental reservation of rights, wherein it notified Go-Mart that it was engaging counsel to associate with Go-Mart's counsel in the continued prosecution of an appeal of the judgment entered in the underlying action. (<u>Id.</u> at ¶ 25).

Arch now alleges that Go-Mart breached the notice requirements of the policy by failing to notify Arch of the occurrence of the accident in June or July of 2005; by failing to notify Arch of the filing of the underlying action; and by failing to transmit suit papers; among other similar alleged breaches. (<u>Id.</u> at ¶ 26). Arch contends that it has not waived any of the alleged breaches in writing, and Go-Mart has not proffered any excuse or explanation to Arch concerning its failure to notify Arch sooner than March 6, 2008. (<u>Id.</u> at ¶¶ 27-28). Arch asserts that, as a result of Go-Mart's breaches, Arch was prejudiced in that it was deprived of the opportunity to participate in the investigation and defense of the underlying action as it was entitled to do under the terms of the policy. (<u>Id.</u> at ¶ 29). Arch further notes that by the time it received notice of the underlying action, the trial had been lost, judgment had been entered against Go-Mart in excess of the Southern Guarantee and Arch policy limits, post trial motions had

been denied, half of the period for appeal had expired, and
Southern Guarantee had stripped Go-Mart of its defense and
indemnity. (<u>Id.</u> at ¶ 30). Arch seeks the following
declarations:

> (a) Arch Specialty Insurance Company has no obligation
> under policy [number] GPP 0002662 00 to defend Go-
> Mart, Inc. in the underlying action No. 06-C-210
> (Circuit Court Kanawha County, West Virginia) or
> any appeal thereof;
>
> (b) Arch Specialty Insurance Company has no duty under
> policy number GPP 00026623 00 (sic) to continue
> with the associated defense of Go-Mart, Inc. in
> the underlying action, No. 06-C-210 (Circuit Court
> Kanawha County, West Virginia) or any appeal
> thereof;
>
> (c) Arch Specialty Insurance Company may withdraw from
> and/or suspend the associated defense of Go-Mart,
> Inc. in the underlying action, No. 06-C-210
> (Circuit Court Kanawha County, West Virginia) or
> any appeal thereof;
>
> (d) Arch Specialty Insurance Company has no duty under
> policy number GPP 00026623 (sic) [00] to indemnify
> Go-Mart, Inc. for any judgment entered against Go-
> Mart, Inc. in the underlying action, No. 06-C-210
> (Circuit Court Kanawha County, West Virginia) or
> any appeal thereof;
>
> (e) Arch Specialty Insurance Company is entitled to
> such other relief, as may be just and proper under
> the circumstances; and
>
> (f) Arch Specialty Insurance Company is entitled to
> recover its attorneys' fees and court costs, as
> allowed by law.

(<u>Id.</u> at WHEREFORE clause).

6

In the pending motion to dismiss or, in the
alternative, to require the addition of a party, Meadows suggests
that MacCorkle Lavender is an indispensable party because
MacCorkle Lavender may have failed to communicate to Go-Mart the
importance of notifying Arch and that such failure may impact
"Meadows'[s] ability to satisfy the judgment."  (Def.'s Mem.
Supp. Mot. 3).


                                II.


     Federal Rule of Civil Procedure 19 sets forth a two-
step inquiry for determining whether a party should be joined in
an action.  Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite
Aid of S.C., Inc., 210 F.3d 246, 249 (4th Cir. 2000).  First, the
court must determine whether the party is "necessary" to the
action under Rule 19(a), which provides pertinently:

     A person who is subject to service of process and whose
     joinder will not deprive the court of subject-matter
     jurisdiction must be joined as a party if:

     (A) in that person's absence, the court cannot accord
     complete relief among existing parties; or

     (B) that person claims an interest relating to the
     subject of the action and is so situated that disposing
     of the action in the person's absence may:

          (I) as a practical matter impair or impede the
          person's ability to protect the interest; or

                               7

> (ii) leave an existing party subject to a
> substantial risk of incurring double, multiple, or
> otherwise inconsistent obligations because of the
> interest.

Fed. R. Civ. P. 19(a).  The burden of proof rests on the party raising the defense -- here, Meadows -- to "show that the person who was not joined is needed for a just adjudication." Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005)(quoting 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1609 (3d ed. 2001)).

In National Union Fire Insurance, a declaratory judgment action concerning Rite Aid's failure to give National Union notice of a claim, the Fourth Circuit Court of Appeals found that Rite Aid's parent company was a necessary and indispensable party inasmuch as the parent company was both the party who contracted with National Union and the party charged with receiving and giving notice of claims under the insurance policy. Nat'l Union Fire Ins., 210 F.3d at 251.  MacCorkle Lavender, in contrast with Rite Aid's parent company, was not a contracting party to the policy at issue in this action and owed no duty to Arch, the plaintiff in this action.  Rather, MacCorkle Lavender's duty was to its client, Go-Mart, to keep Go-Mart reasonably informed and to exercise such skill, prudence, and diligence as exercised by the ordinary member of the legal

8

profession.  This duty owed to Go-Mart is unrelated to the subject of Arch's declaratory judgment action which concerns whether or not Arch was given timely notice of the underlying tort action such that it is obligated under the insurance policy to provide Go-Mart with a defense and indemnification.

The court will be able to provide complete relief among the existing parties.  Although MacCorkle Lavender may be a key witness in fettering out the facts related to the issue of notice, merely being a key fact witness does not render the witness a necessary party.  Nor is it sufficient to say that there is a risk that the defendants in the underlying action may be unable to satisfy the judgment therein without the assistance of MacCorkle Lavender.

Additionally, the court finds that disposing of this action in the absence of MacCorkle Lavender will not impair or impede the law firm's ability to protect its interest or leave any of the existing parties subject to the risk of multiple, inconsistent obligations.  As earlier noted, MacCorkle Lavender has no legal interest to be protected in Arch's declaratory judgment action.  Its only legal interest concerns its obligations to its client, Go-Mart.  That interest is unrelated to the legal questions at issue in Arch's action.  As for the

9

risk to existing parties of inconsistent obligations, there is currently no parallel action pending that could create an inconsistent obligation.  The risk of inconsistent obligations is at this time speculative at best.  See Nat'l Union Fire Ins., 210 F.3d at 252 (holding that there was a substantial risk of conflicting legal obligations where there was a parallel action pending against the party sought to be joined); Coastal Modular Corp. v. Laminators, Inc., 635 F.2d 1102, 1108 (4th Cir. 1980) (finding the Navy unnecessary as a party where the defendant "could only theorize the possibility that the Navy would institute suit against it").

Inasmuch as the court finds that MacCorkle Lavender is not a necessary party, it need not proceed to the second step of the Rule 19 analysis.  The court will neither dismiss Arch's complaint, nor require that MacCorkle Lavender be added to this action as a party.

III.

Accordingly, it is ORDERED that Meadows's motion be, and it hereby is, denied.

10

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED:  November 12, 2008

John T. Copenhaver, Jr.
United States District Judge