```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA

                              CHARLESTON


ARCH SPECIALTY INSURANCE COMPANY,

        Plaintiff,

v.                                          Case No. 2:08-cv-00285

GO-MART, INC.;
J. T. DAVENPORT & SONS, INC.;
and ROBERT D. RADER,

        Defendants,
and

GO-MART, INC.,

        Third-Party Plaintiff,

v.

GAB ROBINS NORTH AMERICA, INC., and
SOUTHERN GUARANTY INSURANCE COMPANY,

        Third-Party Defendants,

and

J.T. DAVENPORT & SONS, INC. and
ROBERT D. RADER,

        Cross-Claim Plaintiffs,

v.

SOUTHERN GUARANTY INSURANCE COMPANY,

        Cross-Claim Defendant.
```

## MEMORANDUM OPINION AND ORDER

By Order entered September 23, 2009 (docket # 250), the court

"**ORDERED** that if Davenport wishes to apply for assessment of costs, including attorney's fees, against Southern Guaranty and/or its attorney, then Davenport should file an affidavit which complies with Rule 37(a)(5), *Fed. R. Civ. P.*, relates to the Orders entered May 20, July 24, and September 23, 2009 (## 156, 226, 248), and responds to # 177, on or before October 15, 2009." Davenport timely filed its "Supplemental Affidavit of Daniel R. Schuda" (# 304) which included Exhibit A, which itemized its costs, including attorney's fees on and after June 1, 2009, relating to the identified orders. Davenport did not respond to # 177, which is Southern Guaranty's opposition to Mr. Schuda's first affidavit.

The September 23 Order further "**ORDERED** that if Davenport files such an affidavit, then on or before October 29, 2009, Southern Guaranty shall file a memorandum as to its position regarding the affidavit, including a statement, pursuant to Rule 37(a)(5)(A), as to whether Southern Guaranty's conduct, or Mr. Rosenberg's advice, or both, necessitated Davenport's original motion to compel (# 109)." Southern Guaranty timely filed its response (# 318). Southern Guaranty makes the following points: (1) it is unclear whether the $6,951.00 is in addition to the $6,354.50 sought by Davenport on May 29, 2009; (2) the court ruled in favor of Southern Guaranty on "the overwhelming majority of the issues in dispute;" and (3) Davenport seeks recovery of its costs after September 23, 2009 in preparing the affidavit and attending

meetings not related to the court's orders. Southern Guaranty failed to include "a statement, pursuant to Rule 37(a)(5)(A), as to whether Southern Guaranty's conduct, or Mr. Rosenberg's advice, or both, necessitated Davenport's original motion to compel (# 109)." Davenport has not filed a reply to the response.

**Amount Sought**

Davenport's first affidavit seeking award of costs and fees, filed on May 29, 2009, sought $6,354.50 for work performed during the period February 9, 2009 through May 29, 2009 (# 164, at 3.) The Supplemental Affidavit relates to costs and fees during the period June 1 through October 12, 2009, and requests $6,951.00 (# 304, at 2). The Supplemental Affidavit specifically states that "[t]he matters made the subject of the Affidavit dated May 29, 2009 [Docket No. 164] is incorporated by reference." (# 304, ¶ 5, at 2.) Thus it is abundantly clear that the amount sought is a total of $13,305.50.

**Apportionment of Costs, Including Attorney's Fees**

Rule 37(a)(5)(C) permits a court to apportion the reasonable expenses for a motion to compel if the motion is granted in part and denied in part. The Order entered May 20, 2009 (# 156), noted that it was a ruling on the third motion to compel against Southern Guaranty and that the first two were granted. The Order recited that Southern Guaranty amended and supplemented its discovery responses and withdrew some of its objections <u>after</u> the motion to

compel was filed. Rule 37(a)(5)(A) provides that the court "must" require payment of costs, including attorney's fees, "if the requested discovery is provided after the motion was filed." With respect to the remaining discovery requests in dispute, the May 20, 2009 Order granted the motion to compel; the Order is replete with criticism of Southern Guaranty's disregard of the Federal Rules of Civil Procedure.

The Order entered July 24, 2009 (# 226) is Judge Copenhaver's Memorandum Opinion and Order relating to Southern Guaranty's objections to the May 20, 2009 Order and its belated service of a privilege log. The objection to interrogatory number 11 was overruled and the privilege log was recommitted to the undersigned for consideration. By Order entered September 23, 2009, the court ruled that Southern Guaranty waived the attorney-client privilege and ordered it to produce the documents listed in its privilege log. Southern Guaranty did not file objections to that Order.

Based on the foregoing, it is plain that Southern Guaranty's assertion that "the overwhelming majority of the issues in dispute that gave rise to Davenport's Motion to Compel were ultimately decided in favor of Southern Guaranty," (# 318, at 2), is false.

**Costs and Fees to Prepare Affidavits**

Mr. Schuda's Supplemental Affidavit includes the following costs and fees dated September 23 and after:

```
9/23     Daniel R. Schuda              $22.50
Receipt, review and consideration of docket no. 250 - order
```

4

directing drafting, filing and service of affidavit for costs against Southern Guaranty on or before October 15

9/27    Karen E. Jenkins    $39.00
Meeting with D. Schuda regarding award of attorney fees per Judge Stanley's order

9/28    Karen E. Jenkins    $136.50
Draft Affidavit of D. Schuda per court's order of 9-23-09

9/28    Karen E. Jenkins    $273.00
Analysis of Schuda & Associates invoices and WIP to develop affidavit for award of attorney fees as directed by court.

9/29    Daniel R. Schuda    $67.50
Receipt, review and consideration of letter from T. Rosenberg regarding compliance with court's order of September 23.

9/30    Karen E. Jenkins    $58.50
Additional work on analysis of invoices to support affidavit of D. Schuda for fees

10/1    Karen E. Jenkins    $565.50
Additional work on draft affidavit and analysis of supporting documentation from client billing records to support the same.

10/12    D. Whitney Seacrist    $150.00
Redact and total billing invoices to support attorney affidavit for costs.

10/12    D. Whitney Seacrist    $30.00
Revise D. Schuda affidavit in support of award of costs per 9-23-09 order.

10/12    Daniel R. Schuda    $67.50
Work on attorney affidavit for award of costs resulting from 9-23-09 orders.

    Mr. Schuda's first Affidavit similarly included entries relating to the preparation of the Affidavit, which are as follows:

5/21-29/09    DRS, KEJ, DWS    1.0  $225.00
    3.5  350.00
    2.5  487.50
Drafting and revising affidavit of Dan Schuda to support award of attorneys' fees in compliance with court's order; compiling supporting documentation from client billing records to support

5

same. (# 164, at 3.)

In Booker v. Stauffer Seeds, Inc., 817 F.2d 47, 50 (8th Cir. 1987), the court reviewed an award of fees arising from discovery abuses and held that "[r]ecoverable time may include any hours . . . preparing fee affidavits for time and services which have been allowed." In Sure Safe Indus. Inc. v. C & R Pier Mfg., 152 F.R.D. 625, 627 (S.D. Cal. 1993), the court cited Booker and held that "[a]ttorneys' fees in preparation of requests for attorneys' fees sanctions are recoverable under Rule 37." In an unpublished decision in Ring Indus. Group, LP v. EZ Set Tank Co., Inc., No. 5:07-cv-103 (W.D. N.C. Aug. 11, 2008), found at 2008 WL 3501510, the magistrate judge found that "fees generated in preparation of the petition for fees are fair game for recovery under Rule 37," citing Booker.

Southern Guaranty cited no cases in support of its position that the costs of preparing the Affidavits are not recoverable. In light of the authority in support of awarding the costs of preparing the affidavits, and the absence of authority opposing such an award, the court **FINDS** that attorneys' fees incurred in preparation of requests for award of costs, including fees, may be awarded.

**Requirements of Rule 37(a)(5)(A)**

The court has given Southern Guaranty the opportunity to be heard. The court further **FINDS** that Davenport attempted in good

faith to obtain the discovery material without court action, that Southern Guaranty's nondisclosures, subsequent responses and objections were not substantially justified, and that there are no other circumstances which make an award of expenses unjust. The court considers Southern Guaranty's discovery abuses to have been unreasonable and vexatious.

Davenport filed a motion for an order to show cause why Southern Guaranty should not be held in contempt for its failure to comply with the May 20, 2009 order (# 188). Judge Copenhaver generously treated Southern Guaranty's objections as "a functional request for a stay," and denied Davenport's motion to initiate contempt proceedings (# 226, at 12-13). Accordingly, the court will disallow the fees and costs attributed to the unsuccessful effort to have Southern Guaranty held in contempt of court. These fees and costs are as follows:

```
6/1       KEJ                     $20.00
Analysis of issue regarding Southern Guaranty's standing to object
and possible contempt
6/9       KEJ                     $448.50
Draft motion to show cause why Southern Guaranty should not be held
in contempt for failing to produce Rosenberg documents, without
objection
6/10      KEJ                     $156.00
Additional work on motion to show cause, analysis and selection of
court documents to cite to support arguments
6/16      KEJ                     $58.50
Additional work on motion to show cause why Southern Guaranty
should not be held in contempt for violating magistrate's court
order on discovery
6/16      KEJ                     $58.50
Research Local and Federal Rules of Civil Procedure regarding rules
for filing motion to show cause and reply brief in support of court
order.          TOTAL             $741.50
```

The court has reviewed Mr. Schuda's affidavits, the hourly billing rates for the individuals who worked on the matters, and the amount of time expended. The court has also reviewed Southern Guaranty's opposition (# 177) to Mr. Schuda's first affidavit. It is an easy matter to differentiate among the entries for Mr. Schuda, Ms. Jenkins and D. Whitney Seacrist because they bill at different hourly rates. The entries are sufficiently detailed to determine whether the amount of time expended was appropriate for the task accomplished. Mr. Schuda did not respond to Mr. Rosenberg's affidavit in which Mr. Rosenberg disputed the $90.00 fee on March 3, 2009. Because Mr. Schuda did not respond as directed, the $90 will be disallowed. Southern Guaranty's other objections to the entries in the first Affidavit are **OVERRULED**.

The court **FINDS** that the costs, including attorneys' fees, requested in the two affidavits are reasonable, except for the $741.50 disallowed with respect to the contempt motion and the $90 on March 3, 2009. Accordingly, it is hereby **ORDERED** that Davenport (or Mr. Schuda's firm, as may be appropriate under the circumstances) recover $12,474.00. As noted above, Southern Guaranty failed to include a statement as to responsibility for its discovery abuses. The court notes that Derek W. Marsteller's electronic signature appears on various documents filed on behalf of Southern Guaranty and that Thomas L. Rosenberg of Roetzel & Andress, LPA is lead counsel. It is further **ORDERED** that Messrs.

Marsteller and Rosenberg and the corporate official of Southern Guaranty who is responsible for the conduct of this litigation shall all appear before the undersigned on **Wednesday, November 18, 2009 at 1:30 p.m.** The hearing will not be held if, prior to the hearing, Messrs. Marsteller and Rosenberg and the corporate official of Southern Guaranty file a stipulation setting forth their respective responsibility for payment of the $12,474.00.

The Clerk is directed to transmit a copy of this Order to counsel of record.

ENTER: November 6, 2009

                                        */s/ Mary E. Stanley*
                                        Mary E. Stanley
                                        United States Magistrate Judge